IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| ROSEANNE HUTTON, on behalf of herself and a class, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 10-3052 ) |
| C.B. ACCOUNTS, INC. | ) ) |
| Defendant. | ) |

OPINION

This cause is before the Court on Defendant's Motion to Dismiss Plaintiff's Complaint (Motion) (d/e 9), Memorandum in Support of Motion to Dismiss (d/e 10), and Plaintiff's Response to Defendant's Motion to Dismiss (d/e 12). Also before the Court is Plaintiff's Motion for Leave to Cite Additional Authority (d/e 13), which is allowed.

The Motion is fully briefed and ripe for adjudication. For the reasons described below, the Motion is denied.

FACTS

According to the Complaint - Class Action (Complaint) (d/e 1), Plaintiff Roseanne Hutton resides in Springfield, Illinois. Defendant C.B.

1

Accounts, Inc. is an Illinois corporation with a principal place of business in Peoria, Illinois. Defendant is a debt-collection agency that uses the telephone and mail to collect consumer debts owed to third parties.

On January 12, 2010, at 4:35 p.m., one of Defendant's representatives called Plaintiff. Plaintiff states that she owes "a health care debt, incurred for personal, family or household purposes and not for business purposes." Complaint, ¶ 9. Defendant's employee left the following message on Plaintiff's answering machine:

> Urgent message. This message is for Roseanne Hutton. Roseanne, this is Kyeisha [ph] calling you. I need you to return my phone call. The number is 866 207 8464.

Complaint, ¶ 10. The return telephone number in the message belongs to Defendant. Plaintiff received several other similar messages from Defendant.

On March 2, 2010, Plaintiff filed this lawsuit on behalf of herself and a class of similarly situated individuals, alleging violations of the federal Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692 et seq. Specifically, Plaintiff claims that Defendant violated §§ 1692e, 1692e(11), and 1692d(6) of the FDCPA because the messages Defendant left on Plaintiff's answering machine failed to include the warning required by

2

statute, and did not identify Defendant as a debt collector. Defendant then filed the Motion now before the Court.

## LEGAL STANDARDS

Under Federal Rule of Civil Procedure 12(b)(6), dismissal is proper where a complaint fails to state a claim on which relief can be granted. Fed. R. Civ. P. 12(b)(6). The Federal Rules require only "a short and plain statement of the claim showing that the pleader is entitled to relief," and allegations must be "simple, concise, and direct." Fed. R. Civ. P. 8(a)(2) & (d)(1). While a complaint need not contain detailed, specific factual allegations, it must contain sufficient facts to "state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is plausible if the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949 (2009). The Seventh Circuit has held that a claim is plausible on its face if it provides the defendant fair notice of what the claim is and the grounds upon which it rests. George v. Smith, 507 F.3d 605, 608 (7th Cir. 2007). Dismissal under Rule 12(b)(6) is appropriate when "the factual detail in a complaint [is] so sketchy that the complaint does not provide the

type of notice of the claim to which the defendant is entitled under Rule 8." Airborne Beepers & Video, Inc. v. AT&T Mobility, LLC, 499 F.3d 663, 667 (7th Cir. 2007).

For purposes of a motion to dismiss, the Court accepts as true all well-pleaded factual allegations in a complaint. Hager v. City of West Peoria, 84 F.3d 865, 868-69 (7th Cir. 1996); Covington Court, Ltd. v. Village of Oak Brook, 77 F.3d 177, 178 (7th Cir. 1996). The Court views the facts in the light most favorable to the non-moving party, in this case, Plaintiff.

ANALYSIS

Defendant presents two arguments for dismissal, and the Court addresses each argument in turn.

I.   MESSAGES NOT "COMMUNICATIONS"

Defendant first argues that Plaintiff has failed to allege a violation of § 1692e(11) of the FDCPA because the messages that Defendant left on her answering machine were not "communications" as defined by the FDCPA.

Congress passed the FDCPA to "eliminate abusive debt collection practices." 15 U.S.C. § 1692. The FDCPA is liberally construed to achieve its purpose of protecting "the unsophisticated consumer." Horkey v. J.V.D.B. & Assocs., Inc., 333 F.3d 769, 773 (7th Cir. 2003); Ramirez v.

Apex Financial Mgmt., LLC 567 F.Supp.2d 1035, 1040 (N.D. Ill. 2008). Among other things, a debt collector's failure to identify itself as such in initial and subsequent communications, be they oral or written, with a debtor is a violation of the FDCPA. 15 U.S.C. § 1692e(11). The FDCPA defines a "communication" as "the conveying of information regarding a debt directly or indirectly to any person through any medium." 15 U.S.C. § 1692a(2). At least one federal court has held that certain types of voicemail messages do not constitute "communications" under the FDCPA. See Biggs v. Credit Collections, Inc., 2007 WL 4034997, at *4 (W.D. Okla. Nov. 15, 2007) ("The transcript of the voice mail messages demonstrates that the voice mails 'convey[ed]' no 'information regarding a debt.'"). However, most federal district courts treat such messages as "communications" under the FDCPA. See, e.g., Drossin v. Nat'l Action Financial Services, Inc., 641 F.Supp.2d 1314, 1320 (S.D. Fla. 2009); Edwards v. Niagara Credit Solutions, Inc., 586 F.Supp.2d 1346, 1351 (N.D. Ga. 2008); Ramirez, 567 F.Supp.2d at 1040-41; Hosseinzadeh v. M.R.S. Associates, Inc., 387 F.Supp.2d 1104, 1116 (C.D. Cal. 2005); Leyse v. Corporate Collection Services, Inc., 2006 WL 2708451, at *6 (S.D.N.Y. Sept. 18, 2006).

The U.S. Court of Appeals for the Seventh Circuit recently reiterated its position that the FDCPA does not establish "a categorical rule that only an explicit demand for payment will qualify as a communication made in connection with the collection of a debt." Gburek v. Litton Loan Servicing LP, __ F.3d __, 2010 WL 2899110, at *4 (7th Cir. July 27, 2010). Determining whether something is a "communication" under the FDCPA involves looking at the would-be communication's purpose, and the context in which it was made. Id. at *5. For example, in Horkey, the Seventh Circuit held that a message constituted a "communication" under the FDCPA because the only reason the phone call had been made in the first place was to collect a debt. Horkey, 333 F.3d at 774.

In the case at bar, Defendant's argument that the messages it left for Plaintiff were not "communications" is without merit. Viewed in the context of the facts alleged in the Complaint and in the light most favorable to Plaintiff, the purpose of the messages was to induce Plaintiff to call Defendant to discuss her outstanding debt. Plaintiff has sufficiently alleged that the voicemail messages were left to indirectly convey "information regarding [her] debt . . . ." See 15 U.S.C. § 1692a(2).

Defendant's reliance on Koby v. ARS Nat'l Services, Inc., 2010 WL

1438763 (S.D. Cal. Mar. 29, 2010), is unavailing.  Koby, an unpublished district court opinion from outside this Circuit, held that a voicemail message similar to the one at issue here was not a "communication" under the FDCPA because the message merely left the caller's name and requested a return phone call.  Koby, 2010 WL 1438763, at *4.  The Koby court's reasoning cannot be reconciled with the Seventh Circuit's clear statement that the purpose and context of the communications are key factors in determining whether something is an FDCPA "communication."  See Gburek, 2010 WL 2899110, at *5; Horkey, 333 F.3d at 774.  In this case, the only reason that Defendant called Plaintiff was to attempt to collect on her outstanding debt.  Therefore, the Court declines Defendant's invitation to rely on Koby and instead finds that Plaintiff has adequately alleged that the voicemail messages at issue were "communications" under the FDCPA.  Defendant's Motion is denied in this respect.

II.     CALLER'S IDENTITY MEANINGFULLY DISCLOSED

Defendant next argues that the Court should dismiss Plaintiff's claim under § 1692d(6) because Defendant meaningfully identified itself in the messages left for Plaintiff when Kyeisha left her name and return telephone number.

Defendant's argument is without merit. Section 1692d(6) states that "the placement of telephone calls without *meaningful* disclosure of the caller's identity" is a violation of the FDCPA. 15 U.S.C. § 1692d(6) (emphasis added). For example, in <u>Edwards</u>, the district court held that the debt collector's phone messages violated § 1692d(6) because they "did not identify the caller as an employee or agent of a debt collection agency, nor did the phone messages state that the purpose was an attempt to collect a debt." <u>Edwards</u>, 586 F.Supp.2d at 1352. In this case, Plaintiff has adequately alleged that Defendant did not meaningfully identify itself. Plaintiff alleges that an individual named Kyeisha left her a message, transcribed above. Kyeisha did not identify her employer, nor did she note that she was calling for debt-collection purposes. Defendant cites no authority to support its argument that leaving an employee's first name and return telephone number are sufficient as a matter of law for meaningful disclosure under the FDCPA. Accordingly, Defendant's Motion is denied in this respect as well.

## CONCLUSION

THEREFORE, Plaintiff's Motion for Leave to Cite Additional Authority (d/e 13) is ALLOWED. Defendant's Motion to Dismiss

Plaintiff's Complaint (d/e 9) is DENIED. Defendant is directed to file its answer to the Complaint on or before August 24, 2010. This matter is referred to U.S. Magistrate Judge Byron G. Cudmore for further scheduling.

ENTERED this 3rd day of August, 2010

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE