UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| ROSEANNE HUTTON, on behalf of herself and a class, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 10-3052 |
| C.B. ACCOUNTS, INC., | ) ) ) |
| Defendant. | ) |

## OPINION

This matter comes before the Court on Plaintiff Roseanne Hutton's Motion for Class Certification (d/e 18) (Motion). For the reasons stated below, the Motion is DENIED.

## FACTS

Defendant C.B. Accounts, Inc. (CBA) is a debt collector whose principal office is located in Peoria, Illinois. Beginning on at least June 5, 2009, CBA began sending Hutton letters in an effort to collect a debt Hutton owed for medical treatment. Hutton received nine such letters. The letters stated that CBA was a debt collector and that the letters were attempts to collect a debt. See Defendant's Response to Plaintiff's Motion

for Class Certification (d/e 20) (Response), at Ex. C.  In addition to speaking with Hutton numerous times on the phone regarding her debt.

On January 12, 2010, a CBA employee allegedly left a voicemail for Hutton which stated: "Urgent message.  This is for Roseanne Hutton.  Roseanne, this is Kyeisha [ph] calling you.  I need you to return my phone call.  The number is 866 207 8464."  See Complaint, ¶ 10.

On March 2, 2010, Hutton filed a Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (FDCPA), claim against CBA alleging that the January 12, 2010, voicemail violated § 1692e(11) of the FDCPA because CBA did not identify itself as a debt collector and state that its call was an effort to collect a debt.  On November 3, 2010, Hutton filed Plaintiff's Motion for Class Certification.  See Motion.  In it, Hutton seeks class certification of: (a) all persons; (b) with telephone numbers in the 309 and 217 area codes; (c) for whom [CBA] left voicemail or answering machine messages; (d) that did not identify Defendant or state that the call was for collection purposes; (e) during a period beginning March 2, 2009, and ending March 22, 2010. Id. at p. 1.

CBA filed its Response to Plaintiff's Motion for Class Certification on November 22, 2010.  See Response.  Among other things, CBA contends

that class certification should be denied pursuant to Fed.R.Civ.P. 23(b)(3) because individual issues of proof will predominate over class issues. Essentially, CBA argues that correspondences which complied with § 1692e(11) by identifying CBA as a debt collector who was attempting to collect a debt -- which were received by a putative class member *prior* to an offending voicemail -- will have to be examined to determine if the prior correspondences obviated any actionable FDCPA claim related to a subsequently offending voicemail because the recipient already knew who CBA was and why CBA was calling. CBA contends that every correspondence it sent to every putative class member will have to be examined to determine if each class member suffered a FDCPA violation. CBA argues that, under Rule 23(b)(3), the necessity of so many inquiries makes a class action inappropriate.

## JURISDICTION & VENUE

Due to the existence of a federal question posed by Hutton's FDCPA claim, this Court has subject matter jurisdiction under 28 U.S.C. § 1331. Moreover, personal jurisdiction and venue requirements are satisfied because CBA's correspondences were received by Hutton within this judicial district, CBA transacts business within this judicial district and CBA's

business is headquartered in this judicial district. See 28 U.S.C. §1391(c) (venue statute); see World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980) (personal jurisdiction exists where a defendant "'purposefully avail[ed] itself of the privilege of conducting activities'" in the forum state. Id. at 297, quoting Hanson v. Denckla, 357 U.S. 235, 253 (1958)).

## ANALYSIS

"Before deciding whether to allow a case to proceed as a class action, therefore, a judge should make whatever factual and legal inquiries are necessary under Rule 23." Szabo v. Bridgeport Machines, Inc., 249 F.3d 672, 676 (7th Cir. 2001). Thus, Rule 23 gives the district courts "broad discretion to determine whether certification of a class-action lawsuit is appropriate." See Arreola v. Godinez, 546 F.3d 788, 797 (7th Cir. 2008). The Seventh Circuit's jurisprudence "suggest[s] caution in class certification generally." See Thorogood v. Sears, Roebuck and Co., 547 F.3d 742, 746 (7th Cir. 2008).

A party seeking to certify a class action must show that the putative class satisfies the four threshold requirements of Rule 23(a): (1) numerosity; (2) typicality; (3) commonality; and (4) adequacy of representation. Id. If

4

the party satisfies the initial burden, it must then show that it meets one of the subsections of Rule 23(b). See Oshana v. Coca Cola Co., 472 F.3d 506, 513 (7th Cir. 2006). If a plaintiff seeks certification under Rule 23(b)(3), a court must determine whether "the questions or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Siegel v. Shell Oil Co., 612 F.3d 932, 935 (7th Cir. 2010). "Failure to meet any of [Rule 23's] requirements precludes class certification." See Arreola, 546 F.3d at 794.

In Siegel, plaintiff sued defendants under the Illinois Consumer Fraud and Deceptive Business Practices Act (ICFA). Siegel, 612 F.3d at 935-36, 815 Ill. Comp. Stat. 505/2. Plaintiff contended the defendants' manipulated the nation's gasoline supply to artificially and unfairly inflate prices. Plaintiff sought class certification of "[a]ll purchasers who made retail purchases of any Defendants' branded gasoline in Illinois during the period from and including December 2, 2000, through and including September 5, 2008." Siegel at 935.

Without addressing the four Rule 23(a) requirements, the district court denied class certification because plaintiff failed to demonstrate that

5

common class issues predominated over individual issues under Rule 23(b)(3). The district court focused on the elements of plaintiff's claim and concluded that "it would be required to make individual determinations concerning why a plaintiff bought gasoline from a particular supplier (*e.g.,* price, necessity, convenience, location, or quality of gasoline) to discern whether the defendants' conduct proximately caused each plaintiff's injuries." Id. at 936. Due to the need for individualized causal proof, the district court held that common class issues did not predominate. The Seventh Circuit affirmed because "questions of fact common to class members did not predominate over any questions affecting only individual members." Id. Hutton makes cursory efforts to show that the four Rule 23(a) factors are met, but she makes no real attempt to show that her proposed class satisfies Rule 23(b)(3). Assuming arguendo that the Rule 23(a) factors are met, the Court focuses on Hutton's proposed class and whether it satisfies Rule 23(b)(3).

Hutton proposes a class whose common issue is receipt of voicemail from CBA which allegedly violated 15 U.S.C. § 1692e(11) due to CBA's alleged failure to identify itself a debt collector attempting to collect a bill. She seeks class certification of: (a) all persons; (b) with telephone numbers

in the 309 and 217 area codes; (c) for whom CBA left voicemail or answering machine messages; (d) that did not identify CBA or state that the call was for collection purposes; (e) during a period beginning March 2, 2009, and ending March 22, 2010. See Motion, at p. 1.

Approximately 62,093 people would be included in the proposed class. See Response, at p. 3. The difficulty for Hutton is that some of the approximately 62,093 putative class members may have received debt collection calls and letters from CBA prior to getting any offending voicemails. Individuals who received calls and letters which satisfied §1692e(11)'s disclosure requirements prior to receiving offending calls and letters may not have actionable FDCPA claims. See, i.e., Epps v. Etan Industries, Inc., No. 97 C 8770, 1998 WL 851488 (N.D.Ill. Dec. 1, 1998) (finding a defendant debt collector satisfies §1692e(11) if defendant's improper phone call is preceded by an appropriate dunning letter); see also, Hahn v. Triumph Partnerships LLC, 557 F.3d 755, 757-58 (7th Cir. 2009) (improper collection efforts are not actionable if they are not materially adverse). Given that CBA sent Hutton nine letters and spoke with her several times about her debt prior to leaving the January 12, 2010, voicemail, it remains to be seen whether Hutton has a valid FDCPA claim.

The Court expresses no view on that now.

Rather, the Court notes that all of CBA's correspondences to Hutton and the putative class members will have to be examined to determine if CBA's voicemails are actionable. Individuals who received correspondences in addition to an offending voicemail will not necessarily have legitimate FDCPA claims since proximate cause may be lacking. Every correspondence will have to be analyzed before such a decision can be made. As such, it appears that questions affecting individual class members will predominate questions affecting the class.

Hutton makes no argument to persuade the Court otherwise. She cites one case, White v. Humana Health Plan, Inc., No 06 C 5546, 2007 WL 1297130 (N.D.Ill. May 2, 2007)(unreported). She does not explain how that decision supports her Motion and it is not this Court's duty to construct arguments on her behalf. See United States v. McLee, 436 F.3d 751, 760 (7th Cir. 2006) (it is not a judge's responsibility to research and construct the parties' arguments); United States v. Lanzotti, 199 F.3d 954, 960 (7th Cir. 1999) (making arguments for counsel undermines the adversarial process).

In any event, it does not appear that White is applicable. In White,

8

the court considered how a statutory settlement offer affected a class action. The court explained that, "an offer's effect depends on its timing: offers received before a motion for class certification is filed moot the case, but offers received after the motion has been filed do not." Id. at *6 (citations omitted). In the instant case, CBA has made no settlement offer. As such, White is inapposite and CBA's reliance on it is misplaced.

Irrespective of White, Hutton's proposed class action fails to satisfy Rule 23(b)(3) because issues of individual proof will predominate over class issues. Thus, class certification is improper. See Siegel, 612 F.3d at 936.

## CONCLUSION

THEREFORE, Plaintiff's Motion for Class Certification (d/e 18) is DENIED.

ENTERED this 2nd day of December, 2010

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE