**E-FILED**
Wednesday, 29 December, 2010 05:30:21 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| ROSEANNE HUTTON, | ) | |
| on behalf of herself and a class, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 10-3052 |
| | ) | |
| C.B. ACCOUNTS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

This matter comes before the Court on Plaintiff Roseanne Hutton's Motion to Reconsider Order Denying Plaintiff's Motion for Class Certification (d/e 24) (Motion to Reconsider). The Court also addresses Plaintiff's Motion for Oral Argument on Plaintiff's Motion to Reconsider Order Denying Plaintiff's Motion for Class Certification (d/e 27)(Motion for Oral Argument). For the reasons stated below, the Motion to Reconsider is DENIED and the Motion for Oral Argument is DENIED AS MOOT.

## FACTS

On November 3, 2010, Plaintiff Roseanne Hutton filed a Motion for Class Certification. See d/e 18. In it, Hutton sought certification of a putative class of debtors who allegedly suffered violations of the Fair Debt Collection Practices Act

1

(FDCPA), 15 U.S.C. § 1692, et seq. The violations arose because Defendant C.B. Accounts, Inc. ("CBA") contacted them without disclosing that CBA was a debt collector attempting to collect a debt. Hutton's three-page motion conclusorily stated that class certification was proper under Fed.R.Civ.P. 23(a) and (b)(3) due to numerosity, common questions of law or fact, typicality of claims or defenses, adequacy of representation and because Congress intended class actions as efficient mechanisms to prosecute FDCPA claims. See Motion for Class Certification, at pp. 2-3.

Other than citing the FDCPA and Rule 23, the Motion for Class Certification's sole reference to legal authority was White v. Humana Health Plan, Inc., No 06 C 5546, 2007 WL 1297130 (N.D.Ill. May 2, 2007)(unreported). Hutton's Motion for Class Certification made no effort to explain how the case was relevant to class certification.

Because the Motion for Class Certification raised a legal issue (*i.e.,* the appropriateness of class certification), Local Rule 7.1(B)(1) required Hutton to submit a memorandum of law with authority in support of her class certification argument. Hutton submitted a memorandum, but it did nothing more than recite her counsel's resumes and the debt collection cases they litigated. It did not cite authority in support of class certification and it did not explain why class certification should be allowed.

On November 22, 2010, CBA filed a Response to Hutton's Motion for Class Certification. CBA's Response cited authority, applied facts and argued the legal merits in opposition to Hutton's proposed class certification. See Defendants' Response to Plaintiff's Motion for Class Certification (d/e 20) (Response). Central to CBA's Response was a line of cases which held that immaterial violations of the FDCPA were not actionable. After receiving CBA's Response, Hutton filed Plaintiff's Motion for Leave to File Reply In Support of Motion for Class Certification. See d/e 21 (filed November 23, 2010). Hutton never contended that a reply was necessary to address the FDCPA cases cited in CBA's Response. Rather, she asserted that she should be allowed to wait until January 31, 2011, to file a Reply which would address "fact issues, including [CBA's] net worth and its practices relating to the leaving telephone messages." Id. at p. 1. In order to address other "fact issues", Hutton wanted to conduct a Rule 30(b)(6) prior to the proposed January 31, 2011, Reply deadline.

Since Local Rule 7.1(B)(3) prohibited replies and the Court's disposition of the class certification issue would turn on issues of legal authority instead of "fact issues", Hutton offered no valid basis for a Reply. Thus, the Court denied Hutton leave to file a Reply. See Order entered December 2, 2010 (the "December 2 Order")(d/e 22).

That same day, the Court denied Hutton's Motion for Class Certification. See Opinion entered December 2, 2010 (d/e 23). Instead of denying the Motion for Class Certification based on Hutton's violation of Local Rule 7.1(B)(1), the Court relied on cases cited in CBA's Response—the same cases to which Hutton never sought leave to Reply. Since the cases stated that violations of the FDCPA may not be actionable unless they were "material", the Court determined that individualized issues of proof would predominate over issues affecting the putative class. Therefore, class certification was improper under Rule 23(b)(3).

On December 7, 2010, Hutton filed the Motion to Reconsider. It alleged that the Court's ruling on the "immateriality" of a FDCPA violation essentially repeals 15 U.S.C. § 1692e(11)'s disclosure requirements. Id. at p. 1. The Motion for Reconsideration failed to identify any procedural rule in support of relief. However, Hutton did file a Memorandum which cited authority stating that to show every correspondence from a debt collector to a debtor must comply with § 1692e(11)'s disclosure requirements. See Plaintiff's Memorandum in Support of Motion to Reconsider Denial of Plaintiff's Motion for Class Certification (d/e 25). CBA has filed a memorandum refuting Hutton's contentions. See Defendant's Response to Plaintiff's Motion to Reconsider Denial of Plaintiff's Motion for Class Certification (the "Response") (d/e 26). The Court has reviewed all of these materials in connection to its disposition.

## STANDARD

Motions for reconsideration can be filed under Fed.R.Civ.P. 59(e) or Fed.R.Civ.P. 60(b). A litigant who moves for reconsideration within 28 days of the entry of judgment has discretion to file under either procedural rule. Compare Fed.R.Civ.P. 59(e) (imposing 28-day deadline) and Fed.R.Civ.P. 60(b) (imposing deadline of not more than one year after entry of judgment).

Rule 59(e) motions may not be used to cure defects that could have been addressed earlier. See Sigsworth v. City of Aurora, Ill., 487 F.3d 506, 511-12 (7th Cir. 2007). A Rule 59(e) motion will be granted only if there is a manifest error of law or fact, or newly discovered evidence. See Bordelon v. Chicago School Reform Bd. of Trustees, 233 F.3d 524, 529 (7th Cir. 2000). By comparison, Rule 60(b) motions are not meant to fix legal errors. See Marques v. Federal Reserve Bank of Chicago, 286 F.3d 1014, 1017-18 (7th Cir. 2002) ("A legal error by the district court is not one of the specified grounds for [a Rule 60(b)] motion. In fact it is a forbidden ground").

Since the standard for obtaining relief under Rule 59(e) is considerably less than the standard required by Rule 60(b), "it behooves [a litigant] to indicate that [its] motion is under Rule 59(e)." See Ball v. City of Chicago, 2 F.3d 752, 760 (7th Cir. 1993). In violation of Local Rule 7.1(B)(1), Hutton fails to identify which procedural rule she is moving under. See id. ("Every motion raising a

5

question of law . . . [must among other things] identif[y] the Rule under which the motion is filed."). Nevertheless, the Court will not only consider Hutton's Motion to Reconsider, it will apply the more forgiving Rule 59(e) standard instead of the harsher Rule 60(b) standard.

## ANALYSIS

The Court will first consider Hutton's Motion for Reconsideration. It will then briefly address her Motion for Oral Argument.

I.  Motion for Reconsideration

Essentially, Hutton contends that but for the Court's reliance on cases which hold that FDCPA claims may not be actionable when the FDCPA violations are "immaterial", she would have prevailed on her Motion for Class Certification. Hutton is incorrect.

First, the line of cases on which the Court relied when it denied class certification were the same cases CBA cited in its Response to Hutton's Motion for Class Certification. As such, Hutton knew that the cases were central to the Rule 23 class certification issue. Instead of seeking leave to address those cases, Hutton sought leave to reply so she could conduct a Rule 30(b)(6) deposition and address "fact issues" related to CBA's Response and the company's net worth. Those matters were irrelevant to the Court's disposition; thus, the Court denied her leave to reply. Had Hutton sought leave to reply to those cases and the legal

issues CBA presented, the Court would have allowed Hutton to file a reply brief. See December 2 Order (leave to reply inappropriate since Hutton merely sought to develop additional arguments).

Second, the cases Hutton cites in her Motion to Reconsider could have all been cited in her Memorandum in Support of Plaintiff's Motion for Class Certification. However, the Memorandum contained nothing but a recitation of counsel's resumes and a list of debt collection cases they litigated. See Plaintiff's Memorandum in Support of Plaintiff's Motion for Class Certification (d/e 19). As such, that Memorandum and the perfunctory Rule 23 references contained in the accompanying Motion for Class Certification failed to show class certification was appropriate regardless of any § 1692e(11) issue. Hutton made inadequate, conclusory statements tracking Rule 23's language, but that was not enough to show that class certification was proper. See Campbell v. A.C. Petersen Farms, Inc., 69 F.R.D. 457, 466 (D.Conn. 1975) (party seeking class certification under Rule 23 must do more than provide conclusory statements which track Rule 23's language); see also, Retired Chicago Police Ass'n v. City of Chicago, 7 F.3d 584, 596 (7th Cir. 1993) ("the party seeking class certification assumes the burden of demonstrating that certification is appropriate") (citation omitted).

Accordingly, Hutton's Motion to Reconsider is nothing more than an attempt to cure a defect in her Motion for Class Certification. Her motion is not

capable of relief under Rule 59(e).  See <u>Sigsworth</u>, 487 F.3d at 511-12.  Even if that was not so, reconsidering the merits of Hutton's Motion for Class Certification would still lead the Court to deny class certification because Hutton has never satisfied Rule 23.  See <u>Campbell</u>, 69 F.R.D. at 466; <u>Retired Chicago Police Ass'n</u>, 7 F.3d at 596.  Moreover, the arguments she makes based on cases cited in her Motion for Reconsideration would be unavailing given the contrary case law presented in CBA's Response.  See <u>Response</u> at pp. 4-9.

Thus, Hutton has not presented any manifest error of law which would entitle her to relief.  See <u>Bordelon</u>, 233 F.3d at 529.  Alternately, if reconsideration was allowed, Hutton's Motion for Class Certification would fail because she did not satisfy her burden of proof.  See <u>Campbell</u>, 69 F.R.D. at 466; <u>Retired Chicago Police Ass'n</u>, 7 F.3d at 596.

II. <u>Motion for Oral Argument</u>

Since Hutton is not entitled to reconsideration under Rule 59(e) and is not entitled to class certification under Rule 23, there is no need to have oral argument.  Accordingly, her Motion for Oral Argument will be denied as moot.

<u>CONCLUSION</u>

THEREFORE, Plaintiff's Motion to Reconsider Denial of Plaintiff's Motion for Class Certification (d/e 24) is DENIED.  Plaintiff's Motion for Oral Argument on Plaintiff's Motion to Reconsider Order Denying Plaintiff's Motion for Class

8

Certification (d/e 27) is DENIED AS MOOT.

ENTERED this 29th day of December, 2010

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE